# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MIKE MCDOUGELL,                              :
                                             :
      Plaintiff,                       :    Civil Action No.:   09-1013 (RMU)
                                             :
      v.                               :
                                             :
JOHN E. POTTER, Postmaster General,          :
                                             :
      Defendant.                       :

## MEMORANDUM OPINION

### DISMISSING THE CASE WITHOUT PREJUDICE BASED ON THE PLAINTIFF'S FAILURE TO PROSECUTE

The plaintiff commenced this action on May 29, 2009. *See generally* Compl. The docket sheet indicates that over the following eleven months, the plaintiff took no action to prosecute his claims. Thus, on April 26, 2010, the court ordered the plaintiff to show cause on or before May 10, 2010 why this case should not be dismissed for failure to prosecute. *See* Minute Order (Apr. 26, 2010). The plaintiff failed to respond to the court's order.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co*., 370 U.S. 626, 629 (1962); *see also* FED. R. CIV. P. 41(b) (authorizing the involuntary dismissal of actions based on the plaintiff's failure to prosecute); LCvR 83.23 (providing that the court may dismiss a case *sua sponte* for failure to prosecute); *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C. Cir. 1981) (observing that "[i]f district court judges are to discharge their heavy responsibilities effectively, their power to dismiss . . . must be more than theoretical"). This Circuit has cautioned, however, that dismissal with prejudice for failure to prosecute is a "harsh sanction" reserved for "cases involving egregious conduct by particularly dilatory

plaintiffs, after 'less dire alternatives' have been tried without success," *Noble v. U.S. Postal Serv.*, 71 Fed. Appx. 69, 69 (D.C. Cir. 2003) (citing *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 186-87 (D.C. Cir. 1985)).

In accordance with these principles, the court will impose the less dire sanction of dismissal without prejudice based on the plaintiff's failure to prosecute this action or respond to the court's order to show cause. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 19th day of May, 2010.

RICARDO M. URBINA
United States District Judge